UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-00243-FL

| | |
|---|---|
| MICHAEL E. THRASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM** |
| NORTH CAROLINA DEPARTMENT ) | **& RECOMMENDATION** |
| OF HEALTH AND HUMAN SERVICES, ) | |
| Division of Medicaid Assistance, ) | |
| ELLA SIMMONS, JAMES R. GILREATH, ) | |
| DARE COUNTY AIRPORT AUTHORITY, and ) | |
| DAVID P. FARROW, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

This Cause comes before the Court upon Plaintiff's pro se application to proceed *in forma pauperis* and for frivolity review. [DE-2]. In his complaint, Plaintiff seeks redress under 42 U.S.C. § 1983 against the above-named defendants for alleged violations of his constitutional rights. [DE-1]. The case was referred to the undersigned on December 14, 2010 for frivolity review.

**Factual Background**

Plaintiff is the son of Thelma Meekins Thrash. Ms. Thrash died on May 22, 2007, naming Plaintiff as the sole beneficiary of her will. [DE-1, Ex. B-1]. Ms. Thrash's daughter, defendant Ms. Ella Mae Simmons, served as the executrix of Ms. Thrash's estate. [DE-1, Ex. C]. At the time of her death, Ms. Thrash owned real property located at 216 Etheridge Road in Manteo, North Carolina. [DE-1, Ex. A-2]. Plaintiff intended to reside in the home located at

216 Etheridge Road following his release from incarceration, in accordance with Ms. Thrash's expressed purpose in bequeathing him the property. [DE-1, Ex. F-1].

On July 26, 2007, the North Carolina Department of Health and Human Services (DHHS), Division of Medical Assistance, sent a letter to Ms. Simmons informing her that DHHS intended to file a claim against the estate in the amount of $151,592.16 for the recovery of medical expenses paid by the agency through its Medicaid division on behalf of Ms. Thrash. [DE-1, Exs. B-1,2]. Ms. Simmons retained attorney James R. Gilreath, Jr. of the firm Rose, Harrison & Gilreath to assist her in handling the claim by DHHS against the estate. [DE-1, Ex. F-5]. Through her legal counsel, Ms. Simmons requested a hardship exemption from DHHS on behalf of Plaintiff, but her request was denied. [DE-1, Exs. F-4,5]. Although the record indicates Plaintiff filed a pro se petition for a contested case hearing in the North Carolina Office of Administrative Hearings to review the decision by DHHS, there is no further documentation in the record as to the outcome of Plaintiff's petition. [DE-1, Ex. D].

On May 17, 2010, Ms. Simmons sold the property at 216 Etheridge Road to the Dare County Airport Authority for the sum of $45,000. [DE-1, Ex. A-2]. Ms. Simmons signed the contract to sell the property on behalf of both the estate and Plaintiff, for whom she has power of attorney. [DE-1, Ex. 1, p.23]. Plaintiff has now filed the instant complaint for alleged violations of his rights under 42 U.S.C. § 1983. [DE-1].

**Legal Background**

This case is before the undersigned for frivolity review. Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner requests *in forma pauperis* status and seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous,

malicious or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915A; 1915(e)(2); Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 328.

In making the frivolity determination, pro se complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See* White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). However, the Court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *See* Denton v. Hernandez, 504 U.S. 25, 33 (1992). Absent such wholly fantastic claims, the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Id.* at 32. Nevertheless, a civil rights plaintiff may not simply present conclusions, but must allege some minimum level of factual support for his claims in order to avoid dismissal. *See* White, 886 F.2d at 724 (stating that predecessor statute 28 U.S.C. "§ 1915(d) seeks to forestall frivolous pro se lawsuits that would not be brought by paying litigants. It is commonsensical that § 1915(d) would require that pro se complaints likewise contain some minimum level of factual support for their claims."). Thus, in order to avoid the "unusual power" of district courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," Neitzke, 490 U.S. at 327, *in forma pauperis* plaintiffs must meet certain minimum standards of rationality and specificity. "[F]antastic" or "delusional" claims are

3

Case 7:10-cv-00243-FL   Document 5   Filed 01/07/11   Page 3 of 6

clearly baseless and are thus insufficient to withstand a charge of factual frivolity. *Id.* at 328; Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995).

In the instant case, Plaintiff seeks redress pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

To state a claim under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a "person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988). The "under-color-of-state-law element of § 1983," like the Fourteenth Amendment's "state-action" requirement, "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)); *see also* Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (noting that § 1983's requirement that a defendant act under "color of law" is treated as the equivalent to the Fourteenth Amendment's "state action" requirement). With these legal precepts in mind, the undersigned considers Plaintiff's claims.

### Analysis

Plaintiff contends the property at 216 Etheridge Road belonged to him and was "illegally sold" without his consent through the conspiracy of all the named defendants. According to Plaintiff, the Dare County Airport had long coveted the land owned by Ms. Thrash and seized the

opportunity of her death to create a fictitious lien against the property in order to force its sale. Plaintiff asserts DHHS invented the Medicaid claim against his mother's estate to assist the Dare County Airport in achieving its goal. Mr. Gilreath's alleged role in the conspiracy was to either threaten or trick Ms. Simmons, who was "completely uneducated in the affairs of men," into selling the property. Ms. Simmons then sold the property against the express instructions of Plaintiff. Plaintiff argues the actions of Defendants deprived him of his property, entitling him to redress under 42 U.S.C. § 1983.

The undersigned believes that Plaintiff's complaint lacks an arguable basis in fact and in law and should be dismissed as frivolous. First, Ms. Simmons and Mr. Gilreath are private citizens and there is no indication they acted "under color of state law." Absent state action, Plaintiff cannot maintain his § 1983 claims against these defendants. *See* Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50. The undersigned therefore recommends that the claims against Ms. Simmons and Mr. Gilreath be dismissed as frivolous.

Further, with regard to the allegations against DHHS, it is not a "person" under 42 U.S.C. § 1983 and therefore not subject to liability. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Dismissal of the claims against DHHS is therefore recommended. This leaves only David P. Farrow and the Dare County Airport Authority as defendants. Although Plaintiff names David P. Farrow as a defendant in the caption of his complaint, the complaint contains no specific allegation against Mr. Farrow or any other factual information regarding his asserted role in the alleged conspiracy. As Plaintiff has failed to articulate any factual basis for a claim against Mr. Farrow, it is recommended that the claims against this defendant be dismissed.

Finally, assuming without deciding that the Dare County Airport Authority is not immune from suit, Plaintiff's complaint lacks an arguable basis in fact. As previously noted,

Title 28 U.S.C. § 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. In his complaint and the attached materials submitted to the Court, there is no support for Plaintiff's contention that DHHS and the Dare County Airport Authority conspired to "steal" his property. Plaintiff makes no specific or rational factual assertions detailing the alleged conspiracy. Instead, Plaintiff makes wild and wholly speculative assertions that DHHS fabricated a lien against the property to allow Dare County Airport Authority to purchase the "long coveted" land. Such assertions lack an arguable basis in fact for the purposes of determining frivolity. See Denton, 504 U.S. at 32-33 (providing that claims "'describing fantastic or delusional scenarios'" or otherwise manifestly "fanciful" or so wholly irrational as to lack any basis in fact justify dismissal upon frivolity review) (quoting Neitzke, 490 U.S. at 328)). To the extent Plaintiff's allegations are not construed as delusional and nonsensical, they are merely legal terminology and not actionable because of their lack of factual support. The undersigned therefore recommends dismissal of Plaintiff's claims against the Dare County Airport Authority.

**Conclusion**

Accordingly, for the reasons stated above, the undersigned RECOMMENDS that Plaintiff's complaint [DE-1] against all named defendants be DISMISSED as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, January 07, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE