IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-243-FL

| | |
|---|---|
| MICHAEL E. THRASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF HEALTH AND HUMAN ) | ORDER |
| SERVICES, Division of Medicaid ) | |
| Assistance; ELLA SIMMONS; JAMES ) | |
| R. GILREATH; DARE COUNTY ) | |
| AIRPORT AUTHORITY; and DAVID ) | |
| P. FARROW, ) | |
| ) | |
| Defendants. | |

This matter comes before the court for frivolity review. The matter was referred to United States Magistrate Judge William A. Webb for review and entry of a memorandum and recommendation ("M&R"), in which the magistrate judge recommended that plaintiff's complaint against all defendants be dismissed as frivolous. Plaintiff timely filed objections to the M&R. In this posture, the issues raised are ripe for review. For the reasons that follow, plaintiff's objections to the M&R are overruled. However, the court adopts the M&R only in part, dismissing plaintiff's claims against all defendants except the Airport Authority.

**STATEMENT OF THE FACTS**

*Pro se* plaintiff is an inmate in the custody of the North Carolina Department of Corrections, having been incarcerated since 1998. In his complaint, plaintiff seeks redress pursuant to 42 U.S.C.

§ 1983 against defendants for alleged violations of his constitutional rights.

Plaintiff's mother, Thelma Meekins Thrash, died on May 22, 2007, naming plaintiff as the sole beneficiary of her will. Ms. Thrash's daughter, defendant Ella Mae Simmons ("Simmons"), served as executrix of Ms. Thrash's estate. At the time of her death, Ms. Thrash owned real property and a residence located at 216 Etheridge Road in Manteo, North Carolina (DE #1, Ex. A-2). It was Ms. Thrash's intention that this residence be available to plaintiff for his use upon release from prison. (DE #1, Ex. F-1).

On July 26, 2007, defendant North Carolina Department of Health and Human Services, Division of Medicaid Assistance ("NCDHHS"), notified Simmons that NCDHHS intended to file a claim against the estate in the amount of $151,592.16 for the recovery of medical expenses paid by the agency through its Medicaid division on behalf of Ms. Thrash. (DE #1, Exs. B-1, 2). Simmons retained defendant James R. Gilreath ("Gilreath") to assist her in handling the NCDHHS claim against the estate, along with other matters. (DE #1, Ex. B-3).

Through counsel, Simmons requested a hardship exemption from NCDHHS on behalf of plaintiff, but her request was denied. (DE #1, Exs. F-4, 5). Plaintiff filed a *pro se* petition for a contested case hearing in the North Carolina Office of Administrative Hearings. (DE #1, Ex. D). However, no further documentation has been made available to the court regarding that petition.

On May 17, 2010, Simmons sold the property at 216 Etheridge Road to the Dare County Airport Authority for $45,000.00. (DE #1, Ex. A-2). Simmons signed the contract to sell the property on behalf of both the estate and plaintiff, for whom she has power of attorney. (DE #1, Ex. 1, p. 23). Plaintiff now brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that his property was illegally sold without his consent. Plaintiff alleges that the defendants conspired to steal his

property, which is situated adjacent to the Dare County Airport, because defendant Dare County Airport Authority ("the Airport Authority") had long coveted the property.

## DISCUSSION

A.  Standard of Review

The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915A. On review, the court is required to dismiss the complaint if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term encompasses both inarguable legal conclusions as well as fanciful factual allegations which describe fantastic or delusional scenarios. Id. at 325, 328.

In conducting its frivolity review, the court must hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys, and must read the complaint liberally. White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). The court, however, has broad discretion in determining whether a complaint is frivolous or malicious. Id. The court is not bound to accept the truth of the pleadings, and may dismiss claims which are based on factual allegations which are irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Plaintiff seeks redress pursuant to 42 U.S.C. § 1983, which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the Untied States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To properly state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The "under color of state law" element of § 1983 requires that the defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49. The element "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).

The matter is before the court with benefit of the magistrate judge's thoughtful analysis. The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.  Analysis

Plaintiff's arguments were appropriately summarized by the magistrate judge as follows. Plaintiff asserts that the property at 216 Etheridge Road belonged to him and that the property was "illegally sold" without his consent through the conspiracy of the defendants. Plaintiff alleges that

the Dare County Airport had long coveted the property, and seized the opportunity of her death to create a fictitious Medicaid lien against the property in order to force its sale. Plaintiff asserts that NCDHHS invented the Medicaid claim against his mother's estate in order to permit the Dare County Airport to achieve its goal of acquiring the property. Gilreath's alleged role in the conspiracy was to either threaten or trick Simmons, who was "completely uneducated in the affairs of men," into selling the property. Simmons then sold the property against the express instructions of plaintiff. Plaintiff argues he was deprived of his property, entitling him to relief under 42 U.S.C. § 1983.

The magistrate judge found plaintiff's complaint frivolous in its entirety and accordingly recommended dismissal. In reaching this recommendation, the magistrate judge concluded that plaintiff's complaint lacks an arguable basis in fact and in law. The magistrate judge first concluded that plaintiff's claims against Simmons and Gilreath must be dismissed because, as private citizens not acting under color of state law, they are not subject to suit under § 1983. The magistrate judge next concluded that NCDHHS is also not a proper defendant under § 1983. Next, the magistrate judge found that David P. Farrow ("Farrow") should be dismissed as the complaint contains no specific allegation against Farrow or any factual information regarding his role in the alleged conspiracy. As for the final defendant, the Airport Authority, the magistrate judge concluded that even if the Airport Authority were not immune to suit under § 1983, plaintiff's complaint lacks an arguable basis in fact and therefore should be dismissed as frivolous. Accordingly, the magistrate judge recommended that plaintiff's complaint in its entirety be dismissed.

Plaintiff timely filed objections to the M&R. The court reviews *de novo* those portions of the M&R to which specific objections were filed. 28 U.S.C. § 636(b). For the reasons that follow, plaintiff's objections to the M&R are overruled.

5

Plaintiff's first objection to the M&R asserts that the magistrate judge committed error in finding that Gilreath and Simmons are private citizens and therefore not subject to suit under § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States. See 42 U.S.C. § 1983. It is well settled that private persons generally are not subject to suit under § 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312, 330, n.1 (1981). However, the Supreme Court has recognized that private citizens under certain circumstances may be subject to suit under § 1983:

> [T]o act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting "under color" of law for purposes of § 1983 actions.

Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (citations omitted). Therefore, private parties conspiring with others acting under color of state law to violate civil rights may be held liable under § 1983. Id.

Plaintiff indeed alleges that Gilreath conspired with NCDHHS and the Airport Authority to use "tricks of their illegal trade" and "fear factors and tactics" to threaten or trick Simmons into cooperating. Plaintiff describes Simmons as particularly vulnerable to such coercion, specifically describing Simmons as "completely uneducated in the affairs of men" and "ignorant," who, like most "country, old school" women "from small towns, especially in southern based states" is "very, very easy to scare/spook."

A mere allegation by plaintiff that Simmons and Gilreath participated in the alleged conspiracy, however, is itself insufficient for our purposes. Indeed, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions

6

are clearly baseless." Nietzke, 490 U.S. at 327.

Here, plaintiff has demonstrated absolutely no credible factual contentions to support his claim that Gilreath and Simmons conspired with NCDHHS. In fact, the documents plaintiff has submitted in support of his complaint reveal that Simmons and Gilreath zealously fought against NCDHHS in an ultimately unsuccessful attempt to keep the Etheridge Road property from being sold to satisfy the Medicaid lien. See DE #1, Exs. F1-F7 (seeking hardship exemption on plaintiff's behalf). Accordingly, plaintiff's contention that Simmons and Gilreath somehow conspired with others acting under color of state law is clearly baseless, irrational, and wholly incredible. As private parties not acting under color of state law, Simmons and Gilreath are not proper defendants under § 1983. Plaintiff's first objection is overruled.

Plaintiff next objects, arguing that he intended Renee L. Evans ("Evans") of NCDHHS to be listed among the defendants. Indeed, Evans does appear in plaintiff's "List of Defendants" incorporated into the complaint. (DE #1, p. 6) Nevertheless, plaintiff alleges no specific allegation against Evans or any other factual information regarding her asserted role in the alleged conspiracy. Because plaintiff has failed to articulate any factual basis for a claim against Evans, the claims against Evans are dismissed, and plaintiff's second objection is overruled.

Both of plaintiff's specific objections to the M&R are, for the reasons stated above, overruled.[1] The court reviews for clear error the remainder of the M&R to which specific objections were not filed. In the remainder of the M&R, the magistrate judge concluded first that NCDHHS

---

[1] The court notes that, on page ten of plaintiff's objections, plaintiff's use of the Roman numeral "III" appears to denote a third objection, however in the paragraphs that follow, the court can discern no intelligible or specific objection directing the court to a specific error in the M&R. In these paragraphs plaintiff merely restates factual allegations from the complaint. The court does not perform a *de novo* review where a party does not make a specific objection. Orpiano, 687 F.2d at 47.

is not a "person" for purposes of § 1983 and therefore plaintiff's claims against NCDHHS must be dismissed. Finally, the magistrate judge concluded that, as for the Airport Authority, the only remaining defendant, that it was clear there was no support for plaintiff's assertion that the Airport Authority conspired to steal his property, and that there were no specific or rational factual assertions detailing the alleged conspiracy. The magistrate judge concluded that because plaintiff made only "wild and wholly speculative assertions" which had no "arguable basis in fact," the claims against the Airport Authority were subject to dismissal as well.

The magistrate judge properly concluded that the claims against NCDHHS are subject to dismissal. As a state agency, NCDHHS is not a "person" for purposes of § 1983 and therefore not subject to suit thereunder. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989) (ruling that state is not a "person" within the meaning of § 1983); Clark v. Maryland Dept. Of Public Safety and Correctional Services, 316 Fed.Appx. 279, 282 (4th Cir. 2009) (observing that state departments and agencies are not "persons" subject to suit under § 1983). NCDHHS is accordingly dismissed from this action.

Unlike NCDHHS, which is a state agency and not subject to suit under § 1983, it is unclear at this point whether the Airport Authority can properly be dismissed for the same reasons. Plaintiff has provided insufficient information for the court to determine if the Airport Authority operates as an arm of the state government, or alternatively, whether it operates as a municipal body. Further, the court is not satisfied that plaintiff's claims against the Airport Authority so lack an arguable basis in fact that they are subject to dismissal under frivolity review. Claims which describe fantastic or delusional scenarios or which otherwise are so manifestly fanciful or wholly irrational as to lack any basis in fact may be dismissed upon frivolity review. See Denton, 504 U.S. 32-33. However, a

complaint may not be dismissed simply because plaintiff's allegations are unlikely. Id. Plaintiff claims that the Airport Authority "used the death of plaintiff's mother and his current state of incarceration as the prime opportunity to move in and steal his land" by conspiring with NCDHHS to create a fictitious lien on Mrs. Thrash's estate. While plaintiff's assertion seems most unlikely, the court is not convinced that plaintiff's assertion is so manifestly irrational or delusional that it could justifiably be dismissed on frivolity review.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which plaintiff timely filed specific objections, the court for the foregoing reasons determines that plaintiff's objections shall be OVERRULED. Upon further review of the remainder of the M&R to which objections were not filed, however, the court adopts the M&R in part. Plaintiff's claims as against all defendants except the Airport Authority are DISMISSED as frivolous. Plaintiff's claims as against the Airport Authority, however, shall be permitted to proceed. Plaintiff is DIRECTED to provide to the court a summons for the Airport Authority defendant within fourteen (14) days of this order.

SO ORDERED, this the 28 day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

9