IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-243-FL

| | | |
|---|---|---|
| MICHAEL E. THRASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DARE COUNTY AIRPORT | ) | |
| AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss or, in the alternative, for judgment on the pleadings (DE # 18). Also before the court is plaintiff's motion to appoint counsel (DE # 24) and motion for summary judgment (DE # 25). These motions were fully briefed and then referred to United States Magistrate Judge William A. Webb for review and entry of a memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1). The magistrate judge recommended that plaintiff's motion to appoint counsel and motion for summary judgment be denied, and that defendant's motion in the alternative for judgment on the pleadings be granted. Plaintiff objects. In this posture, the issues raised are ripe for review. For the reasons that follow, the findings and recommendations of the magistrate judge are ADOPTED in full.

## BACKGROUND

Plaintiff, an inmate in the custody of the North Carolina Department of Corrections, filed his *pro se* complaint on December 6, 2010, alleging that his property was illegally sold without his consent through a conspiracy in violation of 42 U.S.C. § 1983. The complaint named as defendants the North Carolina Department of Health and Human Services Division of Medicaid Assistance

("NCDHHS"), Ella Simmons ("Simmons"), James Gilreath ("Gilreath"), David Farrow ("Farrow"), and the Dare County Airport Authority ("the Airport"). The court conducted its frivolity review on February 28, 2011, and found plaintiff's complaint frivolous as to all defendants except the Airport, and accordingly permitted plaintiff to proceed only as to the Airport ("defendant").

On April 19, 2011, defendant filed motion to dismiss, or in the alternative for judgment on the pleadings. On May 31, 2011, plaintiff filed motion to appoint counsel and also motion for summary judgment. When the issues were fully briefed, the court referred the motions to the magistrate judge for review.

The magistrate judge issued his M&R on July 25, 2011. Plaintiff filed objection on August 4, 2011, to which defendant responded on August 17, 2011. On August 29, 2011, plaintiff filed a document styled as a motion, which the court construes as a reply.

## DISCUSSION

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.  Analysis

The magistrate judge recommended that plaintiff's motions to appoint counsel and for summary judgment be denied, and that defendant's motion to dismiss be denied but that defendant's motion in the alternative for judgment on the pleadings be granted.

First, applying the framework set forth by the Fourth Circuit, the magistrate judge concluded that plaintiff is not entitled to appointment of counsel because the action is not unusually complex, because plaintiff has demonstrated his capability of proceeding *pro se*, and because the action does not otherwise present exceptional circumstances that would justify appointment of counsel. See Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989); see also Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). For these reasons, the magistrate judge recommended that plaintiff's motion to appoint counsel be denied.

As to plaintiff's motion for summary judgment, the magistrate judge determined that plaintiff had failed to carry his burden to demonstrate the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The magistrate judge examined several exhibits attached to defendant's answer and concluded that because the exhibits directly refute plaintiff's allegations, plaintiff had not demonstrated that there was no genuine issue of material fact. Accordingly, the magistrate judge recommended that plaintiff's motion for summary judgment be denied.

The magistrate judge next examined defendant's motion to dismiss or in the alternative for judgment on the pleadings. Defendant contends that it is entitled to dismissal pursuant to Rule

3

12(b)(1) for lack of subject matter jurisdiction. Defendant argues for application of the Rooker-Feldman doctrine, which precludes a party who has lost in state court from seeking what in substance would be appellate review of a state court judgment in a United States district court. See Willner v. Frey, 243 Fed. App'x 774, 745-46 (4th Cir. 2007). Applying the framework set forth by the Supreme Court in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005), the magistrate judge concluded that the Rooker-Feldman doctrine does not apply to this action because plaintiff asserts constitutional violations that are independent of the injury caused by the state court judgment. For this reason, the magistrate judge recommended that defendant's motion pursuant to Rule 12(b)(1) be denied.

Finally, the magistrate judge examined defendant's alternative motion for judgment on the pleadings pursuant to Rule 12(c). The magistrate first laid out the standard of review for such a motion, which is the same standard as for a motion to dismiss made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). To survive a motion to dismiss, a plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 555, 570. "A complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 1950.

4

With this standard of review in mind, the magistrate judge examined the pleadings and the parties' arguments The magistrate judge observed that the complaint does not set forth any information regarding the conspiracy by which defendant is alleged to have stolen plaintiff's property. Further, the magistrate judge observed that the allegations of the complaint are directly contrary to the pleadings and exhibits of record. For these reasons, and for others set forth more particularly and in great detail in the M&R, the magistrate judge concluded that the facts alleged in the complaint do not raise a right to relief above the speculative level, and that plaintiff had not stated a claim to relief that is plausible on its face. Twombly, 550 U.S. at 555, 570. On this basis, the magistrate judge recommended that defendant's alternative motion for judgment on the pleadings pursuant to Rule 12(c) be granted.

Plaintiff objected to the M&R, noting in the document heading that plaintiff objected to "[the magistrate judge's] denial of plaintiff's motion for appointment of counsel and granting of defendant's motion for judgment on the pleadings." Plaintiff does not, however, direct the court to any specific error committed by the magistrate judge. Rather, plaintiff's objection merely reiterates his "extreme need" for counsel as he has "no advocate" to prosecute this action on his behalf. As an example of his "extreme need" for counsel's assistance, plaintiff points to the magistrate judge's recommendation that defendant's motion for judgment on the pleadings be granted. Plaintiff's objection does not assign specific error to the magistrate judge's recommendation, and therefore is merely general and conclusory in nature.

The court construes plaintiff's entitled "motion in response to [defendant's] response to plaintiff's objection" as a reply to defendant's response to plaintiff's objection to the M&R. In his reply, plaintiff asserts that he intended for his objection to address the recommended grant of

5

judgment on the pleadings in addition to the recommended denial of appointment of counsel. Plaintiff states that he "thought 'without question' that he also objected to the [magistrate judge's] 'motion for judgment on the pleadings,'" and that "plaintiff made a laymans 'best effort attempt' to fully, and convincingly object to both aforementioned issues." Plaintiff nevertheless still fails to assign specific error to any part of the magistrate judge's recommendation.

Where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," the court does not perform a *de novo* review. Orpiano, 687 F.2d at 47. Rather, absent a specific and timely filed objection, the court reviews only for clear error. Diamond, 416 F.3d at 315. As explained above, plaintiff's objection and reply constitute merely general and conclusory objections which do not assign specific error to the magistrate judge's recommendation. Accordingly, the magistrate judge's findings and recommendations are reviewed only for clear error.

Where the magistrate judge's M&R appears to be a proper application of binding Fourth Circuit and Supreme Court case law, and where the court's own review of the pleadings, case law, and motions and arguments raised therein confirm the validity of the magistrate judge's findings and recommendations, the court cannot say that the magistrate judge has erred in his analysis. Accordingly, and without specific objection from the parties, the court adopts the M&R in full.

**CONCLUSION**

Upon a careful and considered review of the M&R, to which only a general and conclusory objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full. Accordingly, plaintiff's motion to appoint counsel (DE # 24) is DENIED and plaintiff's motion for summary judgment (DE # 25) is DENIED. Defendant's motion to dismiss

6

(DE # 18) is DENIED, but defendant's alternative motion for judgment on the pleadings (DE # 18) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 7th day of September, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge